UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

| | | |
|---|---|---|
| DARIUS HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:25-305-CHB-CJS |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN ABIGAIL CAUDILL, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

On September 3, 2025, the Clerk of Court docketed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Darius Harris. (R. 1). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). *See also* Rule 10 of the Rules Governing Section 2254 Cases in the United States District Courts ("A magistrate judge may perform the duties of a district judge under these rules, as authorized by 28 U.S.C. § 636.").

Upon preliminary review of the Petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court found that more information from Harris was necessary to determine whether his Petition was timely filed. (R. 6). Harris responded to the Court's Show Cause Order (R. 7), after which the Court ordered Respondent Warden Abigail Caudill to file a Response limited to the issue of timeliness (R. 9). Caudill filed her Response (R. 14), and Harris then filed his Reply (R. 20; *see also* R. 21). For the following reasons, it will be recommended that Harris's Petition **be dismissed** as time-barred and that no certificate of appealability issue.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As this Court has explained before (*see* R. 6), Harris's case has a lengthy procedural history. In November 2010, he was convicted in Kenton Circuit Court of murder. *See Harris v. Commonwealth*, 384 S.W.3d 117, 119-23 (Ky. 2012) (providing factual and procedural history of Harris's state-court criminal proceedings). He was sentenced in December 2010 to 40 years of imprisonment. *See id.* at 119; *see also Commonwealth v. Harris*, No. 06-CR-00282, Kenton Circuit Court, Kenton County, Kentucky ("CourtNet Docket"). Harris filed a direct appeal to the Supreme Court of Kentucky, which affirmed the judgment of the Kenton Circuit Court on September 20, 2012, as modified on denial of rehearing December 20, 2012. *See Harris*, 384 S.W.3d at 131; (*see also* R. 14 at Page ID 72). Harris did not file a petition for a writ of certiorari with the Supreme Court of the United States.[1] (*See* R. 1 at Page ID 3).

On October 16, 2013, Harris filed a motion to vacate his conviction and sentence pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42 in Kenton Circuit Court. (*See* R. 14-6). That motion was denied by the state trial court on July 22, 2014, with an amended order denying being entered June 16, 2015. (R. 14 at Page ID 72; *see also* R. 14-7 (amended order signed June 11, 2015)); *see also* CourtNet Docket. Harris appealed to the Kentucky Court of Appeals, which issued an opinion affirming the trial court's denial of his RCr 11.42 motion on January 6, 2017. (R. 14 at Page ID 72; *see also* R. 14-8); *Harris v. Commonwealth*, No. 2015-CA-001046-MR, 2017 WL 65598, at *1 (Ky. Ct. App. Jan. 6, 2017). Harris did not ask for rehearing, nor did he seek discretionary review in the Supreme Court of Kentucky. (*See* R. 14 at Page ID 72); *see also* CourtNet Docket. On August 25, 2017, Harris filed a petition for a writ of prohibition in the

[1] In 2012, Harris had filed a previous § 2254 in this Court, but his motion to withdraw that petition was granted, and the matter was dismissed and stricken from the Court's active docket. *See Harris v. Haney*, No. 2:12-cv-162-KKC, 2013 WL 695756, at *1 (E.D. Ky. Feb. 26, 2013).

Kentucky Court of Appeals. (R. 14 at Page ID 72; *see also* R. 14-9); CourtNet Docket. The Kentucky Court of Appeals denied the petition on December 15, 2017. (R. 14 at Page ID 72; *see also* R. 14-10 (filed in Kenton Circuit Court December 21, 2017)).

From December 2017 until August 11, 2023, when Harris filed a motion to vacate his conviction under Kentucky Rule of Civil Procedure ("CR") 60.02 in Kenton Circuit Court, Harris took no action in his case. (*See* R. 14 at Page ID 72-73; R. 14-11); *see also* CourtNet Docket. Stated differently, there is roughly a five-year gap where Harris had no motions pending and where he was not actively pursuing relief in the state courts.

Harris's CR 60.02 motion was denied by the state trial court on February 14, 2024 (R. 14 at Page ID 73; *see also* R. 14-12 (order signed February 13, 2024)), and the Kentucky Court of Appeals affirmed that denial on May 2, 2025 (R. 14 at Page ID 73; R. 14-13); *see also Harris v. Commonwealth*, No. 2024-CA-0290-MR, 2025 WL 1271904, at *1 (Ky. Ct. App. May 2, 2025). Harris has filed a copy of the order of the Kentucky Court of Appeals affirming the denial of his CR 60.02 motion dated October 9, 2025, and marked "FINAL." (R. 7-1 at Page ID 49 (entered by Kenton Circuit Court October 10, 2025)); *see also* CourtNet Docket (noting an "Order Affirming Appeal entered on 10/10/2025" and "AFFIRMING – FINAL").

On September 3, 2025, Harris's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody was docketed in this Court by the Clerk of Court.[2] (R. 1).

---

[2] As grounds in his Petition, Harris argues that he received ineffective assistance of counsel, that the Commonwealth failed to meet the essential elements of the crime charged, and that there was insufficient evidence to convict him. (*See* R. 1).

Additionally, Harris's § 2254 Petition was filed in this District in the Central Jury Division at Lexington. *See* LR 3.1(a)(2)(B). However, because Harris was convicted in Kenton Circuit Court, his Petition should have been filed in the Northern Jury Division at Covington. *See* LR 3.2(b) ("A . . . state habeas corpus petition shall be assigned to the jury division that includes the court . . . in which the challenged judgment, conviction or order was rendered."). Consequently, the undersigned will recommend that this action be transferred to the Northern Division at Covington. *See* LR 3.2(f) ("Any civil action or

Upon preliminary review, the Court questioned whether Harris's Petition was timely filed and ordered him to show cause as to timeliness. (R. 6). Harris filed a Response to the Court's Show Cause Order (R. 7), and the Court then ordered the Warden to file a Response limited to the issue of timeliness (R. 9), which Response was filed (R. 14). Harris then filed a Reply. (R. 20; *see also* R. 21 (deeming Harris's Reply timely filed)). This matter now stands submitted for review.

## II. ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner generally has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA one-year limitations period begins to run from the latest of four circumstances:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, subsection (A) applies, with the limitations period beginning to run from the date on which Harris's judgment of conviction became "final by the conclusion of direct review or the expiration of the time for seeking such review." *See Gonzalez v. Thaler*, 565 U.S. 134, 149-

---

proceeding may, in the discretion of the Court, be transferred from the jury division in which it is pending to any other division for the convenience of the Court, parties, witnesses, or in the interest of justice.").

50 (2012). Relevant here, the Supreme Court of Kentucky issued its modified opinion affirming Harris's conviction on December 20, 2012.[3] *See Harris*, 384 S.W.3d at 117. Harris then had 90 days to file a petition for a writ of certiorari with the Supreme Court of the United States. *See* S. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). He did not file such a petition (*see* R. 1 at Page ID 3), and his time to do so expired on March 20, 2013, which began the running of Harris's limitations period. Harris's § 2254 Petition, docketed in this Court in September 2025, was filed well after March 2014, when the one-year period would have expired, unless a tolling provision applies. *See* 28 U.S.C. § 2244(d)(2).

Under AEDPA, the one-year period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis original). Importantly, the tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted).

As to timeliness, Harris submits in his Petition that:

> The one year statute of limitations does not bar this petition because throughout the course of my conviction I filed post-conviction motions challenging my conviction and of course the appellate court and the Supreme Court took their time issuing an opinion. The record will indicate that my petition will not be barred by the statute of limitations.

---

[3] The Warden submits the date of the modified opinion is the relevant date for the AEDPA calculation. (*See* R. 14 at Page ID 74).

(R. 1 at Page ID 13-14).[4] And in his Response to the Court's Show Cause Order, he argues that October 9, 2025, when the Kentucky Court of Appeals issued its "final" decision denying his CR 60.02 motion, is when his limitations period began to run. (*See* R. 7 at Page ID 41). In Harris's view, then, his limitations period had not yet expired when his Petition was docketed in this Court on September 3, 2025. (*See id.*).

The problem with Harris's argument, however, is that the AEDPA limitations period expired many years before he even filed his CR 60.02 motion (for the Kentucky Court of Appeals to address by its October 2025 opinion). Harris's date of conviction became final on March 20, 2013, when his time to file a petition for a writ of certiorari in the Supreme Court expired, and his AEDPA limitations period began to run that day. On October 16, 2013, Harris filed a motion to vacate his conviction and sentence pursuant to RCr 11.42 in Kenton Circuit Court. (*See* R. 14-6). The filing of this motion stopped his AEDPA clock from running, with 210 days having expired.

Harris's RCr 11.42 motion was denied by the state trial court on July 22, 2014, with an amended order denying being entered June 16, 2015. (R. 14 at Page ID 72; *see also* R. 14-7 (amended order signed June 11, 2015)); *see also* CourtNet Docket. Harris appealed to the Kentucky Court of Appeals, which issued an opinion affirming the trial court's denial of his RCr 11.42 motion on January 6, 2017. (R. 14 at Page ID 72; *see also* R. 14-8); *Harris*, 2017 WL 65598, at *1. Harris did not ask for rehearing, nor did he seek discretionary review in the Supreme Court of Kentucky. (*See* R. 14 at Page ID 72); *see also* CourtNet Docket. The Kentucky Court of Appeals' opinion affirming the denial of Harris's RCr 11.42 motion became final on February 5, 2017, 30 days after it was rendered. (*See* R. 14 at Page ID 74); *see also Thomas v. Green*, No.

[4] This was Harris's answer to Question No. 18 of the AO 241 Form, which states: "TIMELINESS OF PETITION. If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." (R. 1 at Page ID 13).

0:24-cv-47-REW-MAS, 2025 WL 1603912, at *2 (E.D. Ky. Apr. 8, 2025), *report and recommendation adopted*, 2025 WL 1379571 (E.D. Ky. May 13, 2025) ("The clock began to run again when the March 10, 2017, RCr 11.42 opinion from the Kentucky Court of Appeals became final, thirty days after it was rendered."). At that time, Harris's limitations period began running again and, because Harris did not then timely file any intervening collateral motions in state court to again toll the period, the period expired on July 10, 2017, 155 days later. (R. 14 at Page ID 74).

Harris's reliance on the "final" Kentucky Court of Appeals decision dated October 9, 2025, fails to recognize that his limitations period expired in July 2017, and any properly filed collateral motion in state court, like his CR 60.02 motion, could not revive the period that had already expired. *See Vroman*, 346 F.3d at 602; (*see also* R. 14 at Page ID 75 n.3 ("[Harris's] argument would hold water if he had a *continuous series* of properly filed post-conviction motions providing statutory tolling. But that is not present [in] this case. During the 2017 to 202[3] period, the chain was broken and the AEDPA limitations period expired." (emphasis in original)).

Nor, as the Warden preemptively argues, is Harris entitled to any type of equitable tolling. (*See id.* at Page ID 75); *see generally Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that the one-year statute of limitations for federal habeas petitions set forth in the AEDPA is subject to equitable tolling); *see Jones v. May*, No. 1:23-cv-01866, 2025 WL 1398777, at *5 (N.D. Ohio May 14, 2025) ("There are generally two forms of equitable tolling available, traditional equitable tolling and tolling based on 'actual innocence.'").[5] Indeed, the doctrine of equitable tolling is applied "sparingly," with the burden of proof placed on the party seeking its application. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). Under the traditional equitable tolling analysis, a habeas petitioner is entitled to equitable tolling if he demonstrates the

[5] No party in this case has argued "actual innocence" tolling applies. Thus, the Court only considers "traditional" equitable tolling.

following two factors: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted).

In his briefing, Harris does not directly address the issue of equitable tolling. For example, in his Reply, he argues:

> In the instant case counsel for Respondent wants this Court to believe the only excuse for equitable tolling is when 'A Petitioner has been pursuing his right diligently and (2) that some extraordinary circumstance stood in his way, and prevented timely filing. . . This is true to an extent, however, Counsel fails to bring up the exception raised in Martinez v. Ryan[, 566 U.S. 1 (2012)]. When the Supreme Court of the United States held in part that ineffective assistance of counsel claims or lack of collateral counsel may constitute cause to excuse the procedural default on ineffective assistance of counsel claims because these claims, under state law must be raised in an initial-review collateral proceeding.

(R. 20 at Page ID 315; *see also* R. 7 (also citing *Martinez*)).[6] But this argument conflates the concepts of equitable tolling and procedural default. *See generally Martinez*, 566 U.S. at 9 (explaining "the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule" is a rule that federal courts follow when reviewing the constitutionality of a state prisoner's conviction and sentence). By failing to argue (let alone demonstrate) that he is entitled to equitable tolling, a showing on which he would carry the burden, Harris is unable to benefit from the doctrine. His Petition must therefore be dismissed as time-barred.[7]

---

[6] Harris also argues that "[w]hen operating outside of the statute while the Petitioner in this instance presents substantive constitutional law, res judicata or untimeliness does not apply." (R. 20 at Page ID 316). It is not clear what Harris means by this statement. If he means an exception exists for his Petition to be considered timely, he has neither clearly identified such an exception nor shown his entitlement to it.

[7] The other cases cited by Harris in his Reply do not change this result, as they do not address the doctrine of equitable tolling. *See Montgomery v. Louisiana*, 577 U.S. 190 (2016); *United States v. Bordeaux*, 121 F.3d 1187 (8th Cir. 1997); *In re Winship*, 397 U.S. 358 (1970).

## III. CERTIFICATE OF APPEALABILITY

Harris is not entitled to a certificate of appealability (COA). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases in the United States District Courts, the District Court must issue or deny a COA when it enters a final order adverse to the applicant. A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* When, on the other hand, a habeas petition is denied "on procedural grounds without reaching the petitioner's underlying constitutional claim," a COA should only issue if the petitioner makes a showing, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Harris's § 2254 Petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a COA be denied upon the District Judge's entry of a final order in this matter.

## IV. CONCLUSION AND RECOMMENDATIONS

For the reasons stated herein, **IT IS RECOMMENDED** that:

1) this action **be transferred** to the Court's Northern Jury Division at Covington;

2) Harris's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody (R. 1) **be dismissed** as time-barred;

3) a certificate of appealability **be denied** by the District Judge in conjunction with the Court's entry of its final order in this matter; and

4) this case **be stricken** from the active docket of this Court.

Attention is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2254 Cases in the United States District Courts. Specific written objections to any or all findings or recommendations in this Report and Recommendation must be filed within **fourteen (14) days** after being served with a copy of this Report and Recommendation for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 31st day of July, 2026.

**Signed By:**
***Candace J. Smith***
**United States Magistrate Judge**

G:\Judge-CJS\DATA\habeas petitions\2254PrelimsSOL\25-305-CHB Harris R&R.docx