UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DARIUS HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | Criminal Action No. 5:25-CV-00305-CHB-CJS |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| WARDEN ABIGAIL CAUDILL, | ) | |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation ("Recommendation") filed by United States Magistrate Judge Candace J. Smith on July 31, 2026, [R. 23], which addresses Petitioner Darius Harris's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, [R. 1]. The Magistrate Judge recommends the Court transfer Harris's petition to the Northern Division of the Eastern District of Kentucky at Covington, dismiss Harris's petition as time barred, and that no certificate of appealability should issue. [R. 23, pp. 9–10]. The Magistrate Judge's Recommendation advised the parties that any objections must be filed within fourteen days, making the final date to file objections August 14, 2026. *Id.* at 10. Two weeks have passed since that deadline and neither party has filed any objections to the Recommendation nor sought any further extension of time to do so. For the reasons set forth below, the Court will adopt the Magistrate Judge's Recommendation and dismiss Harris's petition.

In the Recommendation, the Magistrate Judge properly considered the timeliness of Harris's petition before considering the merits of his claims. *See Daniels v. United States*, 532 U.S. 374, 381 (2001) ("Procedural barriers, such as statutes of limitations and rules concerning

procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). A federal habeas corpus petition under § 2254 must be filed within one year after one of four triggering dates. § 2244(d)(1)(A)–(D). The Recommendation correctly noted that Harris's petition was due one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* [R. 23, p. 4 (quoting § 2244(d)(1)(A))].

After a preliminary review of the petition, the Magistrate Judge ordered Harris to show cause as to the timeliness of his petition. [R. 6]. Harris filed a response, [R. 7], the Warden later responded as well, [R. 9], and Harris then filed a Reply, [R. 14]. The Magistrate Judge found that Harris's petition is time barred due to a five-year gap between December 15, 2017, and August 11, 2023, when Harris took no action in his case. [R. 23, pp. 3, 6–7]. Harris's principal argument for why his petition is timely is based on the Kentucky Court of Appeals "final" decision dated October 9, 2025. *See* [R. 7, p. 2]. However, this October 2025 decision followed Harris's later litigation that only started up in August 2023. Accordingly, as the Magistrate Judge correctly notes, this later litigation "could not revive the period that had already expired." [R. 23, p. 7]. Although Harris did not specifically argue that his petition should be deemed timely due to equitable tolling, *see generally* [R. 1]; [R. 7]; [R. 14], the Magistrate Judge further found that equitable tolling is not warranted here, [R. 23, pp. 7–8]. Lastly, the Magistrate Judge recommended that no certificate of appealability should issue, as "reasonable jurists would not debate the denial of Harris's § 2254 Petition or conclude that the issues presented are adequate to deserve encouragement to proceed further." *Id.* at 9.

As mentioned, the Magistrate Judge's Recommendation, entered on July 31, 2026, advised the parties that any objections must be filed within fourteen days. *Id.* at 10. To date, the Court has

still not received any objections to the Recommendation or requests for further extension from either party. Generally, this Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has reviewed Harris's arguments set forth in his various filings, [R. 7]; [R. 14], as well as Harris's initial statement as to the timeliness of his petition, [R. 1, pp. 13–14]. The Court agrees with the Magistrate Judge that Harris's petition should be dismissed and that no certificate of appealability should issue. Harris's one-year statute of limitations under AEDPA expired in July 2017, making his petition before the Court time barred. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, [**R. 23**], is **ADOPTED** as the opinion of this Court.
2. The instant action shall be **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky, Northern Division at Covington, pursuant to 28 U.S.C. § 1406(a) and Local Rule 3.2(f).
3. Petitioner Darius Harris's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, [**R. 1**], is **DENIED**.
4. No certificate of appealability shall issue.

5. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 28th day of August, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY